UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JESUS MARTINEZ,

                Plaintiff,

      v.

Civil Action:

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, SERGEANT EDWARD
TAVERAS, POLICE OFFICER CARLOS MARCHENA
and JOHN DOES "1" through "2", persons employed by
NEW YORK CITY POLICE DEPARTMENT,

VERIFIED COMPLAINT
Jury Trial Demanded

                Defendants.

------------------------------------------------------------------X

## INTRODUCTION

Jesus Martinez, of Bronx, New York hereby asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: arrest;
2. Violation of 42 U.S.C. 1983: detention and confinement;
3. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;
4. False arrest and imprisonment;
5. Battery;
6. Intentional infliction of emotional distress;
7. Negligence;

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §'s 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §'s 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.
2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. This cause of action arose in the County of Bronx, City and State of New York which lies within the Southern District of New York.
4. Venue is based on 28 U.S.C. 1391(b).

## PARTIES

5. Plaintiff, Jesus Martinez (hereinafter the "Plaintiff"), is a natural person residing at 728 Coster Street, County of Bronx, City and State of New York; and was a resident of New York during all relevant times of this action.
6. Defendant City of New York (hereinafter "NYC") is a municipal corporation, organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.
7. Defendant New York City Police Department (hereinafter "NYPD") was and is an agency of NYC.
8. Upon information and belief, Defendant Sergeant Edward Taveras (hereinafter "Taveras") was and is an employee of the NYPD.
9. Upon information and belief, Defendant Police Officer Carlos Marchena (hereinafter "Marchena") was and is an employee of the NYPD.
10. Upon information and belief, defendants John Does "1" through "2" (John Does) were and are employees of the NYPD.
11. That at all relevant times to this complaint Defendants Taveras, Marchena and John Does acted toward Plaintiff under color of the statutes, rules and regulations of the State of New York, NYC, and NYPD.

## FACTS

12. On or about the June 2, 2011 at approximately 9:00 a.m. at or near 770 Bryant Avenue, Apt 2F, County of Bronx, City State of New York, Defendants Taveras, Marchena and John Does arrested Plaintiff without probable cause.
13. During the course of Plaintiff's false arrest Plaintiff was hit with Defendants' "riot" shield, grabbed by the neck and thrown to the ground. After being handcuffed, Defendants continued to assault Plaintiff by stomping on Plaintiff's legs, punching and kicking Plaintiff.

14. As a result of such contact, Plaintiff was caused to suffer bruising and lacerations to his face through contact with broken glass on the ground where Plaintiff was deliberately thrown by Defendants, along with bruising and lacerations to Plaintiff's head, facial region and torso area due to the subsequent stomping, punching, and kicking.

15. Plaintiff was wrongfully accused and imprisoned in New York, New York on charges of Resisting Arrest and other related charges for a period in excess of twenty-four (24) hours. Plaintiff was released on June 3, 2011. Plaintiff was caused to make several appearances in Court.

16. On or about October 20, 2011 all charges against Plaintiff were adjourned in contemplation of dismissal.

## COUNT I: VIOLATIONS OF 42 U.S.C. 1983: ARREST

17. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 16 above with the same force and effect as if herein set forth.

18. At all times relevant herein the conduct of Defendants were subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

19. The detention and arrest of Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by Defendants Taveras, Marchena and John Does 1-2 with a deliberate indifference to Plaintiff's rights and privileges. The seizure and deprivation of his liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

20. Acting under the color of law, Defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a. By depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will;

    b. By making an unreasonable search and seizure of his property without due process of law;

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws;

    d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

21. Defendants the NYC and NYPD negligently hired, trained and supervised Defendants Taveras, Marchena and John Does.

22. As a proximate result of the false arrest and imprisonment of Plaintiff caused by the Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation, as well as further pecuniary damages and legal costs, all to Plaintiff's damage.

23. Wherefore, Plaintiff demands judgment for false arrest against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was

impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

26. Wherefore, Plaintiff demands judgment for false detention and confinement against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. At all times relevant to the complaint, Defendants Taveras, Marchena and John Does as police officers of the NYPD were acting under the direction and control of defendant NYC.

29. Acting under color of law and pursuant to official policy Defendants Taveras, Marchena and John Does, the NYPD and the NYC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendant police officers in their duties to refrain from:

    a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

    c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

    d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

30. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities.

31. Unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities.

32. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New York.

33. Otherwise depriving Plaintiff of his constitutional and statutory rights privileges and immunities.

34. Defendants Taveras, Marchena and John Does, NYC and the NYPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Taveras, Marchena and John Does, NYC and the NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

35. Defendants Taveras, Marchena and John Does, NYC and the NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

36. As a direct and proximate cause of the negligent, grossly negligent, reckless and intentional acts of Defendants Taveras, Marchena and John Does, NYC, and the NYPD as set forth in paragraphs 1 through 31 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fifth and Fourteenth Amendments of the constitution of the United States and protected by 42 U.S.C. 1983.

37. Wherefore, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV: COMMON LAW FALSE ARREST AND IMPRISONMENT

38. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. At all times relevant herein Defendants acted with the intention of confining Plaintiff within fixed boundaries, directly resulting in the confinement of Plaintiff of which the Plaintiff was aware and did not consent.

40. As a proximate result of the false arrest and imprisonment caused by Defendants, Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation and further pecuniary damages and legal costs.

41. Wherefore, Plaintiff demands judgment for false arrest against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V: COMMON LAW BATTERY

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if set forth herein.

43. Without the consent of Plaintiff, Defendants Taveras, Marchena and John Does intentionally, harmfully, and offensively touched Plaintiff.

44. As a result of the Defendants' conduct, Plaintiff was caused to suffer physical injury to wit: bruises and lacerations to his face, legs, and torso.

45. Wherefore, Plaintiff demands judgment for false arrest against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI: COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above with the same force and effect as if set forth herein.

47. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

48. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants intended to cause emotional distress in Plaintiff and did cause such severe emotional distress.

49. Wherefore, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars

($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT VII: COMMON LAW NEGLIGENCE

50. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above with the same force and effect as if herein set forth.

51. Defendants Taveras, Marchena and John Does, the NYC and the NYPD, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

52. Wherefore, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### TRIAL BY JURY

53. Plaintiff hereby demands trial by jury.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendants as follows:

> 1) On the First Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.
>
> 2) On the Second Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00)

DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

3) On the Third Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

4) On the Fourth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

5) On the Fifth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

6) On the Sixth Cause of Action against Defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

7) On the Seventh Cause of Action against defendants, compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and costs and attorney's fees.

8) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 2, 2014

*[signature]*

Michael A. Delakas, Esq.
ATESHOGLOU & AIELLO, P.C.
As Trial Counsel For
THE LAW OFFICE OF JOHN R. KELLY
Attorneys for Plaintiff
JESUS MARTINEZ
381 Park Avenue South, Suite 701
New York, New York 10016
(212) 545-1740